Filed 1/3/22  P. v. Reyes CA4/2
*See concurring opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077639 |
| v. | (Super.Ct.No. FWV024272) |
| GERALDO REYES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant, Geraldo Reyes, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and identifying one potentially arguable issue: whether the court erred in finding defendant ineligible for section 1170.95 relief. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 23, 2001, defendant, Francisco Rojas, and a third man, who was not apprehended, entered a massage parlor. "[D]efendant pulled out a gun and used it to direct employees and a patron into the employee break room. In the process, defendant shot a female employee in the hip." (*People v. Reyes*, *supra*, E035995.)

"Larry Cortez, the massage parlor security guard, testified in pertinent part that he came out of his office at the massage parlor and encountered defendant and another man in a hallway. Defendant was holding a gun to the head of a female employee. Cortez pulled his gun, ducked behind a door, and directed the two men to drop their weapons. Cortez testified that both men fired a total of six or seven rounds at him from small caliber handguns. Both men then charged Cortez, while continuing to fire their weapons.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of our prior unpublished opinion in defendant's appeal from the original judgment. (*People v. Reyes* (Jan. 19, 2006, E035995) [nonpub. opn.]; Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

2

Cortez returned fire and repelled the attack.  At some point Cortez saw a third man, later identified as Rojas, firing a handgun at him from only a few feet away.  Cortez fired back and hit Rojas who ran from the building and died a few minutes later in the parking lot." (*People v. Reyes*, *supra*, E035995.)

"Defendant, who was hit twice by bullets, fled through a window of the massage parlor after breaking out the glass.  Once outside, defendant directed Johnny Guy, a passing motorist, to drive him to Baldwin Park.  When Guy balked and said he was on his way to church, defendant showed Guy the gun defendant had been holding in his right hand.  Guy then complied with defendant's demand.  From his home in Baldwin Park defendant called the police and reported that he had been the victim of a drive-by shooting.  Paramedics transported defendant to a local hospital." (*People v. Reyes*, *supra*, E035995.)

"[A] jury found [defendant] guilty of first degree murder, prosecuted under the provocative act murder doctrine (count 1); attempted voluntary manslaughter, as a lesser included offense to the charged crime of attempted murder (count 2); six counts of assault with a deadly weapon (counts 3, 4, 8, 10, 15); three counts of kidnapping (counts 5, 7, 11); three counts of false imprisonment (counts 9, 12, 13); and kidnapping during a carjacking (count 14).  The jury also returned true findings on firearms enhancements alleged under . . . sections 12022.5, subdivisions (a) and (d), and 12022.53, subdivisions (b) and (c).  Based on the jury's verdicts and true findings, the trial court sentenced defendant to state prison for a total determinate term of 38 years followed by a consecutive indeterminate term of 25 years to life on count 1, and a consecutive

3

indeterminate term of life with the possibility of parole on count 14, defendant's conviction for kidnapping during a carjacking." (*People v. Reyes*, *supra*, E035995, fn. omitted.)

Defendant appealed, contending his first degree murder conviction must be reversed because the court did not correctly instruct the jury on the pertinent murder theory and because the evidence did not support the conviction. Defendant additionally maintained the trial court improperly imposed or failed to strike various firearms use and armed enhancements and that by imposing an upper term and consecutive sentences, the trial court violated defendant's Sixth Amendment right to trial by jury. This court agreed with defendant's claim that the trial court improperly imposed a section 12022.53, subdivision (c), enhancement on count 2, defendant's conviction for attempted voluntary manslaughter. This court also agreed with defendant's claim that the trial court failed to strike a section 12022.5 enhancement imposed on defendant's murder conviction. However, this court held that defendant's remaining claims were meritless. Therefore, by opinion filed January 19, 2006, this court affirmed the jury's determinations of guilt but struck the pertinent enhancements and remanded the matter to the trial court for resentencing. (*People v. Reyes*, *supra*, E035995.)

On July 23, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On August 30, 2019, the People filed an informal response in which they requested the trial court take judicial notice of this court's opinion in *People v. Reyes*, *supra*, E035995. The People contended defendant had failed to make a prima

4

facie showing of relief. On the same date, the People filed a motion to strike defendant's petition. On September 9, 2020, counsel for defendant filed a reply brief.

On October 15, 2020, the People filed a supplemental brief in opposition to defendant's petition for resentencing, contending section 1170.95 did not apply to provocative act murder. At a hearing on August 20, 2021, the trial court denied the petition, finding that section 1170.95 relief does not apply to provocative act murder.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We recognize that one panel of this court has held that in uncontested appeals from postjudgment orders, there is no reason to conduct a *Wende* review of the record, and such appeals should be dismissed by order. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 (but see dis. opn. of Miller, J.); accord *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278 ["*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief."]; accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We respectfully disagree.

We agree with another panel of this court, which has held that in uncontested appeals from the denial of a section 1170.95 petition, "we can and should independently review the record on appeal in the interests of justice." (*People v. Gallo* (2020) 57 Cal.App.5th 594, 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["[W]hen an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not

5

required to independently review the entire record, but the court can and should do so in the interests of justice."]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 ["[W]e have the discretion to review the record in the interests of justice."].)  This procedure provides defendants an added layer of due process while consuming comparatively little in judicial resources.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                                                              Acting P. J.

I concur:


FIELDS_____
                                        J.

RAPHAEL, J., Concurring.

This is an appeal taken from the denial of a posttrial motion, where the appealing defendant raises no issues. I would dismiss the appeal as abandoned in a brief order explaining why the appeal cannot have merit. As our Supreme Court has noted: "Nothing is served by requiring a written opinion when the court does not actually decide any contested issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544.)

Instead, the majority (1) independently reviews the record for error; (2) issues an opinion announcing that it has done so; (3) and provides a discussion section that asserts it is important to issue an opinion but that states nothing about the case. (Maj. opn., *ante*, at pp. 5-6.) The identical content free discussion section could be cut-and-pasted into any of the myriad uncontested postjudgment appeals that we see. The majority provides no reason why it is important for it to provide an opinion lacking any analysis of the case.

I would instead say more than the majority does, in an order of perhaps two sentences: "Defendant has raised no issues in this appeal from the denial of a petition filed under Penal Code section 1170.95, so the appeal is dismissed as abandoned. Defendant was convicted on a theory of provocative act murder, which is still a valid theory under California law because it is an implied malice theory, rather than one of imputed malice that has been abrogated, see, e.g., *People v. Swanson* (2020) 57 Cal.App.5th 604, 612-613.)"

When we dismiss an appeal for *any* reason, we typically issue an order that concisely states why it is being dismissed. That is what I would do, rather than issue an

1

opinion that simply announces that we have reviewed the record and found nothing. In an abandoned appeal from the denial of a postjudgment motion, there is typically a simple way to explain why counsel cannot raise an issue in good faith. Once we understand this reason, it is apparent that we do *not* need to review the entire record. Indeed, it is perplexing to consider what someone who *does* review the record (here 255 pages) might be seeking to find.

In contrast, in a direct appeal from a conviction at trial, there is a good reason to independently review the entire record, as error could be lurking anywhere. Accordingly, the constitutional obligation for the court to independently review a record in a no-issues case "applies only to a defendant's first appeal as of right." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) With a high volume of postjudgment challenges raising no issues, we do not serve the public well by extending that procedure to circumstances where it serves no purpose. We should not spend time reviewing records unnecessarily and producing written opinions that do no more than declare we did so. (See *People v. Scott* (2020) 58 Cal.App.5th 1127, 1133-1135.)

In *People v. Delgadillo*, review granted, Feb. 17, 2021, S266305, our Supreme Court may offer some guidance as to how the Court of Appeal should handle these postjudgment appeals in which counsel can find no issue to raise.

RAPHAEL          

J.

2